116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey WHITSEY, Petitioner-Appellant,
v.
Al PARKE, Respondent-Appellee.
 No. 96-3773.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997*
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 3:96-CV-329 AS; Allen Sharp, Judge.
 Before COFFEY, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey Whitsey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising a Fourth Amendment claim and a Sixth Amendment claim. The district court denied the petition and entered judgment, after which Whitsey filed a notice of appeal. The district court granted Whitsey a certificate of appealability as to the Sixth Amendment claim only.
 
 
 2
 For the reasons stated in the district court's order dated October 11, 1996, a certificate of appealability is DENIED, and the appeal DISMISSED, as to Whitsey's Fourth Amendment claim.[1] For the reasons stated in that same order, the judgment is AFFIRMED as to Whitsey's Sixth Amendment claim.[2]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 In its order dated October 29, 1996, the district court denied a certificate of appealability as to the Fourth Amendment claim "because [it] either rest[s] purely upon a determination of state law or [is] subject to the doctrine of procedural default." It is not clear that these reasons are correct. Nevertheless, it is clear that the district court accurately explained in its order dated October 11, 1996, why the Fourth Amendment claim must fail
 
 
 [2]
 We need only add that Whitsey does not indicate how he was prejudiced by counsel's decision to forgo a closing argument. We also note that the amendments to 28 U.S.C. § 2254 made by the Antiterrorism and Effective Death Penalty Act of 1996 apply to Whitsey's petition, because he filed the petition after the Act was signed into law. Lindh v. Murphy, No. 96-6298, 1997 WL 338568 (U.S. June 23, 1997). But even if those amendments were not applicable, Whitsey would still not succeed on his Sixth Amendment claim